1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11    ALEXANDER B. ARIZMENDI, AE0789, )
                                       )
12              Petitioner,            )    No. C 12-4555 CRB (PR)
                                       )
13        vs.                          )    ORDER TO SHOW CAUSE
                                       )
14    P. BRAZELTON, Warden,            )    (Docket # 4)
                                       )
15              Respondent.            )
      _____ )

16

17          Petitioner, a state prisoner incarcerated at Pleasant Valley State Prison, has

18    filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254

19    challenging a conviction and sentence from Santa Clara County Superior Court.

20    He also seeks to proceed in forma pauperis under 28 U.S.C. § 1915.

21                                 **BACKGROUND**

22          Petitioner was convicted by a jury of possession of an assault weapon and

23    criminal threats in a San Jose case and of possession of an assault weapon,

24    negligent discharge of a firearm and being under the influence of a controlled

25    substance in a Mountain View case.  It also found true allegations that petitioner

26    personally used an assault weapon in committing two of the counts for the

27    purposes of a sentence enhancement.  On June 22, 2010, he was sentenced to 11

28    years and four months in state prison.

1    Petitioner unsuccessfully appealed his conviction to the California Court

2    of Appeal and the Supreme Court of California.  He also unsuccessfully sought

3    habeas corpus relief from the state courts.  On June 13, 2012, the Supreme Court

4    of California denied his last state petition for a writ of habeas corpus.

5                                        **DISCUSSION**

6    A.    Standard of Review

7          This court may entertain a petition for a writ of habeas corpus "in behalf

8    of a person in custody pursuant to the judgment of a State court only on the

9    ground that he is in custody in violation of the Constitution or laws or treaties of

10   the United States."  28 U.S.C. § 2254(a).

11         It shall "award the writ or issue an order directing the respondent to show

12   cause why the writ should not be granted, unless it appears from the application

13   that the applicant or person detained is not entitled thereto."  Id. § 2243.

14   B.    Claims

15         Petitioner seeks federal habeas corpus relief by raising several claims,

16   including improper joinder of the San Jose and Mountain view cases, convictions

17   for possession of assault weapon violate Second Amendment right to bear arms,

18   ineffective assistance of counsel, illegal sentence enhancement, insufficient

19   evidence to support criminal threats and negligent discharge of a firearm

20   convictions, and prosecutorial misconduct.  Liberally construed, the claims

21   appear cognizable under § 2254 and merit an answer from respondent.  See

22   Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must

23   construe pro se petitions for writs of habeas corpus liberally).

24   /

25   /

26   /

27

28                                          2

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.    Petitioner's request to proceed in forma pauperis (docket # 2) is GRANTED.

2.    The clerk shall serve a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California.  The clerk also shall serve a copy of this order on petitioner.

3.    Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

4.    Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner must serve and file an opposition or statement of non-opposition not more than 28 days after the motion is served and filed, and respondent must serve and file a reply to an opposition not more than 14 days after the opposition is served and filed.

/

3

1        5.      Petitioner is reminded that all communications with the court must

2   be served on respondent by mailing a true copy of the document to respondent's

3   counsel.  Petitioner must also keep the court and all parties informed of any

4   change of address.

5   SO ORDERED.

6   DATED:   Feb. 1, 2013

                                                CHARLES R. BREYER
7                                               United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   G:\PRO-SE\CRB\HC.12\Arizmendi, A.12-4555.osc.wpd

28                                              4